IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**DA'VHON YOUNG,**

    **Plaintiff,**

vs.                          Case No. 4:24-CV-00103-AW-MAF

**STATE OF FLORIDA,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, Da'vhon Young, a prisoner proceeding *pro se*, initiated this federal action by filing a "Motion To Review and Rule," which is an improper filing. ECF No. 1. Ordinarily, the Court would give Plaintiff an opportunity to amend. However, Plaintiff is no stranger to the federal courts, is a three-striker under the Prison Litigation Reform Act (PLRA), and did not pay the filing fee at the time he initiated this case; therefore, this case should be dismissed.

**I. Standard of Review.**

A federal court conducts an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Federal courts have the inherent authority to *sua sponte* dismiss cases in order to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 631 (1962). A district court "has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'" Equity Lifestyle Props., Inc. v. Fla. Mowing and Landscape Servs., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991)). Because the Court must ensure that its limited resources are allocated in such a manner as to protect and promote the interests of justice, a case in which a plaintiff has abused the judicial process, warrants dismissal.

## II. Plaintiff's "Motion To Review and Rule," ECF No. 1.

Plaintiff's "complaint" is no model of clarity. Given the bare bones nature of the motion, the Court liberally construes the motion as a writ of mandamus.[1] Plaintiff alleges violations of the Fourth-, Fifth-, Sixth-, and Fourteenth Amendments. ECF No. 1, p. 1.[2] Plaintiff argues that his arrest by the Leon County Sheriff's Office (LCSO) in October 2022 "was based on a[n]

---

[1] The Court notes that petitions for writ of mandamus were abolished by Fed. R. Civ. P. 81(b). Mandamus relief can now only be sought in an appropriately filed civil action, see Fed. R. Civ. P. 2, or a motion made in a civil action. See Preferred Sites, LLC v. Troup Cnty., 296 F.3d 1210, 1221 (11th Cir. 2002) (quotations and internal citations omitted).
[2] Plaintiff refers to himself as the Defendant. He is not. See ECF No. 1, p. 1.

Case No. 4:24-CV-103-AW-MAF

unsigned, unsworn, unsubscribed, unverified probable cause affidavit." Id., p. 5. Plaintiff claims he filed an affidavit in the Second Judicial Circuit in December 2023 but did not receive a response. Id., p. 2. He attached the affidavit to the motion as an exhibit and asks the Court to review and rule. See Id., pp. 5-12. Further, there is no signature block; therefore, this is an improper filing. N.D. Fla. Loc. R. 5.1(e).

The affidavit, in general, seeks the reversal of Plaintiff's criminal conviction for various reasons. Plaintiff's affidavit to the state court appears to be seeking habeas relief because he asserts: (1) his conviction is based on an illegal arrest and/or insufficient probable cause determination, (2) the trial court's ruling was a "departure from the essential requirements of the law … [and] amounts to a violation of clearly established … law, resulting in a Gross Miscarriage of Justice," (3) the state court abused its discretion, and (4) his "confinement is unlawful." Id., pp. 5-8. The language used by Plaintiff is largely synonymous with the language used in 28 U.S.C. § 2254. Plaintiff seeks to compel the Second Judicial Circuit to respond or "rule" on his affidavit. Id., p. 2.

At the time he filed suit, Plaintiff failed to pay the filing fee or file a motion to proceed *in forma pauperis*, in violation of N.D. Fla. Loc. R. 5.3 ("A party who files or removes a civil case must simultaneously either pay any

fee required under 28 U.S.C. § 1914 or move for leave to proceed in forma pauperis under 28 U.S.C. § 1915."). As discussed below, however, Plaintiff would not be eligible to proceed *in forma pauperis* anyway, because he is a three-striker under 28 U.S.C. § 1915(g).

## III. Plaintiff is a Three-Striker under the PLRA.

The PLRA prohibits a prisoner from bringing forward a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

The Court takes judicial notice of certain federal actions previously brought by Plaintiff, while he was a prisoner under the PLRA, which were dismissed as "strikes":

1. N.D. Fla. 4:22-cv-00464-WS-MJF, Young v. State of Florida (dismissed for failure to state a claim).

2. N.D. Fla. 4:23-cv-00075-WS-MAF, Young v. Kelly et al. (dismissed as malicious).

3. N.D. Fla. 4:23-cv-00289-WS-MAF, Young v. Kelly et al. (dismissed for failure to comply with court order)

"Petitions for mandamus qualify as 'civil actions' for purposes of 28 U.S.C. § 1915(g)." Fedd v. Georgia, 2019 U.S. Dist. LEXIS 211175, 2019

Case No. 4:24-CV-103-AW-MAF

WL 6700204, at *1 (M.D. Ga. Dec. 9, 2019) (citing Green v. Nottingham, 90 F.3d 415, 418 (10th Cir. 1996).

To invoke the exception to § 1915(g), a plaintiff must allege and provide specific factual allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury, and vague allegations of harm and unspecific references to injury are insufficient. See also Miller v. Donald, 541 F.3d 1091, 1096 (11th Cir. 2008) ("Congress was deliberate in leaving an exception for claims of imminent threat of serious physical injury when it enacted the three-strikes provision that screens out all other IFP suits as part of the PLRA.").

In order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit, not at the time of the alleged incident that serves as the basis for the complaint. See Medberry v. Butler, 185 F.3d 1189, 1193 (11th Cir. 1999) (prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger). "The proper procedure is for the district court to dismiss the complaint without

prejudice." <u>Dupree v. Palmer</u>, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam).

Plaintiff's claims do not satisfy the exception because he alleged no set of facts that would demonstrate he is in imminent danger of serious physical injury at the time of his initial filing. Normally, the Court would permit a *pro se* plaintiff the opportunity to amend a complaint before recommending dismissal. However, this Court will not follow that trend for two reasons: (1) Plaintiff is a three-striker who did not pay the filing fee when he initiated the case and (2) Plaintiff has not met the imminent danger exception.

## IV.  Jurisdiction.

Even if Plaintiff were not a three-striker, this case is subject to dismissal for lack of jurisdiction. Federal mandamus is available only to "compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361; <u>see also</u> <u>Bailey v. Silberman</u>, 226 F. App'x 922, at *2 (11th Cir. 2007).  Although federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law, 28 U.S.C. § 1651, a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." <u>Moye v. Clerk, DeKalb County Superior</u>

Court, 474 F.2d 1275, 1276 (5th Cir. 1973).[3] Hence, this Court is without jurisdiction to resolve Plaintiff's claims.

## V.   Conclusion and Recommendation.

It is respectfully **RECOMMENDED** Plaintiff's "Motion to Review and Rule," ECF No. 1, be **DENIED** and that the case be **DISMISSED** without prejudice under the three-strikes provision of 28 U.S.C. § 1915(g) because Plaintiff did not pay the filing fee and fails to meet the imminent danger exception. Alternatively, this case should be dismissed for lack of jurisdiction. It is further **RECOMMENDED** that the case be **CLOSED**.

IN CHAMBERS at Tallahassee, Florida, on March 12, 2024.

> s/ Martin A. Fitzpatrick
> **MARTIN A. FITZPATRICK**
> **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit before the close of business on September 30, 1981.

Case No. 4:24-CV-103-AW-MAF

this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. See 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).

Case No. 4:24-CV-103-AW-MAF